CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 25 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KAREN MCCARTHY, | ) |
| Plaintiff, | ) Civil Action No. 3:18CV00121 |
| v. | ) **MEMORANDUM OPINION** |
| THE UNIVERSITY OF VIRGINIA HEALTH SYSTEM, et al., | ) By: Hon. Glen E. Conrad<br>) Senior United States District Judge |
| Defendants. | ) |

Karen McCarthy, proceeding pro se, filed this action under the Americans with Disabilities Act of 1990 ("ADA") against the University of Virginia Health System, Dr. Nathan Fountain, Jan Garnett, Emile Patterson, and Linda Anderson. The case is presently before the court on the defendants' motion to dismiss. For the reasons set forth below, the court will grant the defendants' motion.

## Background

The following factual allegations, taken from the plaintiff's complaint, are accepted as true for purposes of the pending motion to dismiss. See Erickson v. Pardus, 551 U.S. 89, 924 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

McCarthy is a registered nurse who worked in the University of Virginia Health System ("UVA Health System") from 2000 to 2018. Compl. ¶ 10, Dkt. No. 1. Since 2016, McCarthy has suffered from "multiple psychiatric diagnoses," including post-traumatic stress disorder, anorexia, and anxiety. Id. ¶¶ 10, 11. "She has lost over 60 pounds . . . [and] has to take Valium,

three times a day, to avoid a constant near panic level of anxiety." Id. ¶ 10. Additionally, the plaintiff "has failed 5 different drug trials, as well as behavioral cognitive therapy." Id.

The plaintiff alleges that her psychiatric conditions were caused by incidents at work involving violent patients. Id. In March of 2016, McCarthy took medical leave "in an effort to recover from . . . multiple traumatic events." Id. ¶ 12. She sought treatment from a private physician, who prescribed anti-depressants and a medication for anxiety. Id. When McCarthy returned to work in May of 2016, she requested, and was granted, accommodations for her impairments. Id. Specifically, McCarthy requested that she not be assigned to violent patients and that she work only eight-hour shifts from 3:00 p.m. to 11:00 p.m. Id. With these conditions in place, as well as several new policies addressing staff safety, "the plaintiff felt safe enough to return to work." Id.

McCarthy alleges that her requested accommodations were honored until January of 2018. Id. At some point that month, McCarthy was assigned a patient who had previously assaulted multiple staff members and proceeded to hit, kick, and spit on the plaintiff. Id. ¶ 13. That same month, McCarthy "suffered an incident of sexual misconduct by a demented patient" and was assigned two other patients "with known histories of post seizure violence." Id. ¶¶ 14, 16.

On June 21, 2018, McCarthy filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was denied a reasonable accommodation for her disability in violation of the ADA. Charge of Discrimination, Dkt. No. 12-1. McCarthy reported that she had not returned to work since February 4, 2018 and that she had been placed on short-term disability leave. Id. McCarthy is now on long-term disability leave based on "multiple psychiatric diagnoses." Compl. ¶ 4. The plaintiff alleges that she is currently unable to work as a nurse in any capacity. Id.

## Procedural History

McCarthy filed the instant action against the UVA Health System, Dr. Fountain, Garnett, Patterson, and Anderson on December 28, 2018. McCarthy indicates that Dr. Fountain is the director of the unit in which she worked, that Garnett is the unit manager, and that Patterson and Anderson are shift managers. The plaintiff claims that the defendants failed to accommodate her disability, in violation of the ADA. The plaintiff's complaint also includes a single reference to the Rehabilitation Act of 1973, 29 U.S.C. § 794.

On March 27, 2019, the defendants moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been fully briefed and is ripe for review.[1]

## Standards of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action for lack of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists. Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Dismissal for lack of subject matter jurisdiction is appropriate "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal citation and quotation marks omitted).

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. Erickson, 551 U.S. at 94. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic

---

[1] The court has determined that oral argument would not aid the decisional process.

recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

## Discussion

The defendants have moved to dismiss the complaint on multiple grounds. They contend, among other arguments, that none of the named defendants are proper parties to this action, that the ADA claim is barred by the Eleventh Amendment, and that the complaint fails to state a claim under the Rehabilitation Act. The court will address each of these arguments in turn.

The defendants first argue that neither the UVA Health System nor the individual defendants are proper parties to this action. With respect to the UVA Health System, the defendants correctly observe that it is not a "separate legal entity" capable of being sued. Nzabandora v. Univ. of Va. Health Sys., No. 3:17-cv-00003, 2017 U.S. Dist. LEXIS 9691, at *3 (W.D. Va. Jan. 24, 2017). Instead, courts have recognized that the UVA Health System is a "division of UVA." Id. (citing Rector & Visitors of the Univ. of Va. v. Carter, 591 S.E.2d 76 (Va. 2004)). In suits involving the university or its divisions, courts have held that the proper defendant is the Rector and Visitors of the University of Virginia. Johnson v. Univ. of Va. Med. Ctr., No. 3:06-cv-00061, 2007 U.S. Dist. LEXIS 3122, at *12 (W.D. Va. Jan. 17, 2007); see also Carter v. Rector & Visitors of the Univ. of Va., 65 Va. Cir. 326 (Va. Cir. Ct. 2004) (noting that "[t]he plaintiff amended her motion for judgment to change the defendant to 'The Rector and Visitors of the University of Virginia' ("UVA"), the corporate entity under which the university

4

and [the medical center] do business"). Accordingly, the court agrees with the defendants that the UVA Health System is not a proper party and that it must be dismissed from this action.

The claims against Dr. Fountain, Garnett, Patterson, and Anderson are also subject to dismissal. Under existing precedent, the individual defendants cannot be held personally liable for alleged violations of the ADA or the Rehabilitation Act. See Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) ("Because Title VII [of the Civil Rights Act of 1964] does not authorize a remedy against individuals for violations of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants . . . ."); see also Z.G. v. Pamlico Cty. Pub. Schs. Bd. of Educ., 744 F. App'x 769, 781 n.20 (4th Cir. 2018) (noting that adding individual capacity claims under the ADA and Section 504 of the Rehabilitation Act "would be futile because neither statute permits an action against individual defendants"). Accordingly, the claims against the individual defendants will be dismissed with prejudice.

The defendants also argue that even if McCarthy had properly identified the Rector and Visitors of the University of Virginia as a defendant, her ADA claim would be barred by the Eleventh Amendment. Pursuant to the Eleventh Amendment, "an unconsenting State is immune from suit brought in federal court by her own citizens." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). This protection also extends to state agencies and instrumentalities, Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997), including the University of Virginia. See Tigrett v. Rector & Visitors of the Univ. of Va., 97 F. Supp. 2d 752, 756 (W.D. Va. 2000) ("This Court has already held that the Rector and Visitors of the University, as an instrumentality of the state, is immune from suit in federal court.") (citations omitted). Therefore, absent abrogation of sovereign immunity, McCarthy cannot seek injunctive or monetary relief from the university. The Supreme

Court has held that "[s]overeign immunity has not been abrogated for . . . ADA Title I claims." McCray v. Md. Dep't of Transp., 741 F.3d 480, 483 (4th Cir. 2014) (citing Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001)). Because the plaintiff's accommodation claim falls under Title I of the ADA,[2] the claim is jurisdictionally barred by the Eleventh Amendment. See McCray, 741 F.3d at 483 (noting that Eleventh Amendment immunity is jurisdictional in nature). Accordingly, amending the complaint to assert an ADA claim against the Rectors and Visitors of the University of Virginia would be futile.

The plaintiff's complaint also includes a single reference to the Rehabilitation Act. The defendants construed the complaint to assert a claim for disability discrimination under Section 504 of the Rehabilitation Act, which they moved to dismiss under Rule 12(b)(6). In response to the defendants' motion, the plaintiff emphasizes that she is only "suing for violations of ADA accommodations." Pl.'s Br. Opp'n 3; see also id. ("Again, this suit is pursuant to violations of ADA accommodations . . . ."). Accordingly, the plaintiff appears to abandon any claim for relief under the Rehabilitation Act. In any event, to establish a violation of the Rehabilitation Act by a state, local, or private entity, "a plaintiff must demonstrate that the 'program or activity' at issue receives federal funding." Paulone v. City of Frederick, 787 F. Supp. 2d 360, 371 (D. Md. 2011) (quoting 29 U.S.C. § 794(a)). Because the complaint is devoid of any allegations addressing the federal-funding requirement, the complaint fails to state a claim under the Rehabilitation Act. Consequently, any remaining claim under the Rehabilitation Act will be dismissed without prejudice.

---

[2] Title I of the ADA prohibits covered employers from discriminating "against a qualified individual on the basis of disability." See 42 U.S.C. § 12112(a). Such discrimination can occur when an employer fails to accommodate the known disability of a qualified employee. See 42 U.S.C. § 12112(b)(5).

## Conclusion

For the reasons stated, the court will grant the defendants' motion to dismiss. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 25th day of June, 2019.

_____
Senior United States District Judge